UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| NATHANIEL MINGO | CIVIL ACTION NO. 16-0522-P |
| VERSUS | JUDGE ELIZABETH FOOTE |
| BOSSIER MAXIMUM CORRECTIONAL FACILITY, ET AL. | MAGISTRATE JUDGE HAYES |

## Judgment

Before the Court is the Report and Recommendation of the Magistrate Judge [Record Document 29], Plaintiff's Motion for Appointment of Counsel [Record Document 3], and Plaintiff's Motion for a Temporary Restraining Order [Record Document 4].

Plaintiff is a pre-trial detainee at Bossier Maximum Correctional Facility. In his complaint, he alleges that the medical staff at the Facility acted with deliberate indifference to two different serious medical needs. The first medical need is Plaintiff's mental health. He alleges that he was taking medication for his mental health needs, but stopped taking it because he was told by a nurse that it was causing the loud ringing in his ears, a side effect of the medication. Record Document 1, p. 6. Several months later, a doctor told him that loud ringing was not, in fact, a side effect of his medication. Id., p. 8. Plaintiff expressed to that doctor that he feared treatment, and he apparently did not resume the mental health medication. Id. This Court agrees with the Report and Recommendation that these facts are insufficient to state a claim for

deliberate indifference.

Plaintiff's second stated medical need is a build-up of earwax, which he says caused pain and loud ringing, impaired his hearing, and led to a build up of fluids throughout his body. Id., p. 5. Although the Report and Recommendation finds these symptoms far-fetched, the Court's job, at this stage, is to accept as true Plaintiff's allegations and determine whether they are sufficient to state a claim. Beginning in October 2015, prison doctors told Plaintiff he needed to see an ear, nose, and throat ("ENT") specialist to resolve his complaints. Record Document 14, p. 6. The need for an ENT specialist was apparently restated by a prison doctor in January 2016, but Plaintiff was told he could not see a specialist until his criminal case was resolved. Id. Plaintiff says that in March 2016, he was told by Assistant Warden Brad Anderson that he would be allowed to see a doctor. Record Document 1, p. 13. He does not say whether this was another appointment with the prison doctor, or whether it was a visit to an ENT specialist. Plaintiff does not explain the outcome of this doctor's visit, whether the problem was resolved, or whether there was any diagnosis. He makes no mention of any medical problems or requests for treatment after March 5, 2016. Plaintiff simply does not state the relevant facts necessary to allow the Court to determine whether the prison officials acted with deliberate indifference to a serious medical need.

For the reasons discussed above, as well as the reasons stated in the Report and Recommendation of the Magistrate Judge;

**IT IS ORDERED** that Plaintiff's claim be **dismissed without prejudice** for

failure to state a claim. Plaintiff's Motion to Appoint Counsel [Record Document 3] and Motion for Temporary Restraining Order [Record Document 4] are both **DENIED as moot.**

THUS DONE AND SIGNED in Shreveport, Louisiana, this _____ day of _____, ~~2016~~ 2017.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE